**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4459**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMES MILTON MCEACHERN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00322-TDS-1)

———————

Submitted: February 13, 2015      Decided: March 5, 2015

———————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Milton McEachern appeals the 195-month, below-Guidelines sentence imposed following his guilty plea to possession with intent to distribute more than fifty grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). He argues that the district court erred when it classified him as a career offender. Finding no error, we affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We review de novo the district court's conclusion that a prior conviction qualifies as a career offender predicate. United States v. Jones, 667 F.3d 477, 482 (4th Cir. 2012).

A defendant qualifies as a career offender if he has two prior convictions for a crime of violence or a controlled substance offense that were punishable by a term of imprisonment exceeding one year. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013). A district court must look to whether a particular defendant could have received more than one year in prison based upon his offense class and prior record level to determine whether a prior North Carolina conviction may serve as a career offender predicate offense. United States v. Simmons, 649 F.3d 237, 244 (4th Cir. 2011) (en banc).

2

The district court here concluded that McEachern's 2001 conviction for possession with intent to sell or deliver cocaine was a career offender predicate. The district court had before it the North Carolina judgment of conviction, which indicated that a North Carolina court sentenced McEachern on three felony convictions, including the possession with intent to sell or deliver cocaine conviction. These three convictions were consolidated into one Class C felony based on a felony habitual offender charge and McEachern was sentenced to seventy to ninety-three months' imprisonment. We find that the district court correctly determined that McEachern was subject to a sentence in excess of one year for his controlled substance offense.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

3